IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Case No. 4:01-cr-00056-CWH |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Tibel Clark, ) | |
| ) | |
| Defendant/Petitioner. ) | |

This matter is before the Court on the motion of Tibel Clark (the "petitioner") for the Court to issue a corrected judgment changing his name to "Tibal Clarke" pursuant to Rule 36 of the Federal Rules of Criminal Procedure (ECF No. 121). For the reasons set forth in this Order, the petitioner's motion is denied.

## I. BACKGROUND

On April 25, 2001, the petitioner pleaded guilty to conspiracy to distribute and possession with intent to distribute fifty grams or more of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. On November 20, 2001, the Court sentenced the petitioner to an imprisonment term of 262 months followed by five years of supervised release. Because of two prior convictions designating him a career offender, the petitioner received an enhancement to his sentence. On December 10, 2002, the Fourth Circuit Court of Appeals affirmed the petitioner's convictions and sentence. United States v. Clark, 52 F. App'x 594, 595 (4th Cir. 2002) (per curiam).

On or about April 25, 2016, the petitioner filed the present motion pro se, requesting a corrected judgment changing the petitioner's name to "Tibal Clarke" ("Motion for Corrected



Judgment").[1] (Mot. for Corrected J. 1, ECF No. 121). The petitioner states that the records of the Federal Bureau of Prisons (the "BOP") reflect the incorrect spelling of his name, which appears in the Court's Judgment (ECF No. 35). (Id.). He further states that the BOP has refused his requests to correct the spelling of his name in BOP records because the BOP must use the spelling contained in the Court's Judgment. (Id.).

On May 25, 2016, the United States filed a response in opposition to the petitioner's motion (ECF No. 125). The United States argues that the Court is without jurisdiction to consider the matter because "no case or controversy is currently pending before the Court." (Gov't's Resp. to Req. for Corrected J. 1, ECF No. 125). The United States contends that the petitioner is an illegal alien from Jamaica who has been arrested under multiple assumed names. (Id.). In 1990, the petitioner was arrested under the alias "Junior Scott". (See id.). In the present case, he was arrested under the alias "Felix Johnson". (See id.). Following his arrest, the petitioner's identity was determined to be "Tibel Clark", and throughout the present case, this spelling of his name was used.[2] (See id.). The United States avers that there is no information, such as a Jamaican birth certificate, to support the petitioner's current motion. (Id.).

On or about June 9, 2016, the petitioner filed his reply thereto (ECF No. 126). On or about July 6, 2016, the petitioner filed a supplement to the pending request for corrected judgment (ECF No. 137), providing a "Birth Registration Form" issued April 4, 2016 by the

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

[2] The petitioner's reply to the United States' response points out the United States repeatedly spells the petitioner's last name "Clarke" throughout its response. (Pet'r's Reply to Gov't's Resp. to Request for Corrected J. 1, ECF No. 126).



Registrar General's Department of Jamaica (ECF No. 137-1). The Form lists his name and surname as "Tibal Garrison". His father's surname is listed as "Clarke", as is his mother's.

## II. DISCUSSION

Rule 36 of the Federal Rules of Criminal Procedure provides that the Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added). "'Rule 36 applies only to clerical mistakes and errors; it does not authorize substantive alteration of a final judgment.'" Marmolejos v. United States, 789 F.3d 66, 71 (2d Cir. 2015) (quoting United States v. DeLeo, 644 F.2d 300, 301 (3d Cir. 1981)). The United States' assertion that the Court lacks jurisdiction to consider the petitioner's motion is incorrect. The plain language of Rule 36 clearly gives the Court authority to correct a clerical error in a judgment "at any time". Fed. R. Crim. P. 36. Courts have made Rule 36 corrections to party names when such changes do not result in substantive alteration of a final judgment. See id. (affirming district court's correction of defendant's name because such correction did not seek reconsideration of conviction or sentence). Conversely, courts have also declined to make name corrections even when doing so would not result in substantive alteration. See Gov't of V.I. v. Commissiong, 706 F. Supp. 1172, 1177 n.1 (V.I. 1989) (declining to correct spelling of defendant's name, even though such correction was permissible as it would have no effect on validity of conviction).

Although the Court has jurisdiction to entertain the petitioner's motion, the permissive language of Rule 36 indicates that the decision to correct a clerical error in a judgment is discretionary. See Fed R. Crim. P. 36. Because the alleged misspelling of the petitioner's name is not the Court's clerical error, the Court declines to grant the relief requested.



## III. CONCLUSION

For the foregoing reasons, the petitioner's Motion for Corrected Judgment (ECF No. 121) is denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

July 14, 2016
Charleston, South Carolina